UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEONARD F. MANUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:05-CV-122-TS ) |
| SHEILA HUDSON, *et al.*, | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Leonard F. Manus, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983 against six employees of the Allen County Community Corrections. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

## COMPLAINT ALLEGATIONS

The Plaintiff alleges that after he was "given a hearing for alleged violations I was supposed to have committed while on house arrest" that he told the three Defendant screening officers that he wanted to appeal. (Comp. at 3.) The Plaintiff alleges that all three acknowledged his intention to appeal and that none of them objected or disagreed. Nevertheless, he alleges that he was denied an appeal and was incarcerated. The Plaintiff does not seek to be released, rather he only seeks monetary damages.

## DISCUSSION

The Plaintiff's Complaint must be dismissed because the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. He has not alleged that he was deprived of a federal right because the constitution does not mandate that, upon revocation of parole, the parole violator has the right to appeal the revocation.

> [T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Parole arises after the end of the criminal prosecution, including imposition of sentence.

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (citations omitted). So too with the revocation of home detention. The Plaintiff had already been convicted and sentenced. Therefore "the full panaply of rights" available to him when he was a criminal defendant were not required at his revocation hearing. Under *Morrissey*, a parolee charged with a violation that may result in revocation is entitled to a prompt preliminary hearing before an impartial decision-maker to determine whether there is

2

probable cause to believe he has committed a parole violation. 408 U.S. at 485–87. The parolee is then entitled to a final revocation hearing for which the minimum requirements of due process include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

*Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972).

A review of this list shows that the right to an appeal is not among the constitutionally mandated due process requirements for a parole revocation. The rights of those removed from a home detention program and placed in jail are not greater than those afforded to those on parole status who are reincarcerated. *See Paige v. Hudson*, 341 F.3d 642, 644 (7th Cir. 2003) (acknowledging that being removed from home detention to jail is a significantly large incremental reduction in freedom to be a deprivation of liberty implicating due process rights, but that the reduction is not as significant as reincarceration after removal from parole). Thus, the Plaintiff cannot argue that due process requires a right to appeal from a determination revoking home detention where such right does not exist for revocation of parole. Therefore The Plaintiff does not state a claim for which relief can be granted and this case must be dismissed.

Alternatively, if the right to appeal were a constitutionally mandated fundamental due process requirement, then a finding that he was denied this right would be barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), because the revocation of his home detention has not been invalidated. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122 (5th Cir. 1995), and *White v. Gittens*, 121 F.3d 803 (1st Cir. 1997).

Finally, although the previous two alternative rationales serve to justify the dismissal of all the Defendants, the Defendants who are members of the board also have absolute immunity. *Cf. Walrath v. United States*, 35 F.3d 277 (7th Cir. 1994) (parole board members immune); *Wilson v. Kelkhoff*, 86 F.3d 1438 (7th Cir. 1996) (prisoner supervised release review board members immune).

## CONCLUSION

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED on August 31, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4